# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| Cassandra Waddell, | Civil Action No.: 4:21-cv-117 |
| Plaintiff, | |
| v. | |
| Southwest Credit Systems, L.P., | **COMPLAINT** |
| Defendant. | JURY |

For this Complaint, the Plaintiff, Cassandra Waddell, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of the Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") in their illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiff, Cassandra Waddell ("Plaintiff"), is an adult individual residing in Durham, North Carolina, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant Southwest Credit Systems, L.P. ("Southwest"), is a Texas business entity with an address of 4120 International Parkway #1100, Carrollton, Texas 75007, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.    The Debt**

5.    A financial obligation (the "Debt") was allegedly incurred to an original creditor (the "Creditor").

6.    The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7.    The Debt was purchased, assigned or transferred to Southwest for collection, or Southwest was employed by the Creditor to collect the Debt.

8.    The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.    Southwest Engages in Harassment and Abusive Tactics**

9.    In or around September 2020, Southwest began calling Plaintiff in an attempt to collect the Debt allegedly owed by Plaintiff's adult daughter, Jasmine Waddle.

10.    Plaintiff did not co-sign for the Debt and is in no way associated with the Debt or responsible for its repayment.

11.    During the initial conversation and several times since, Plaintiff advised Southwest that it had the wrong number and requested that all calls to her cease.

12.    Nevertheless, Southwest continued to call Plaintiff, causing inconvenience and frustration to Plaintiff.

**C.    Plaintiff Suffered Actual Damages**

13.    The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

14. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

15. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. The Defendant's conduct violated 15 U.S.C. § 1692b(1) in that Defendant contacted third parties and failed to identify themselves and further failed to confirm or correct location information.

17. The Defendant's conduct violated 15 U.S.C. § 1692b(1) in that Defendant contacted third parties for purposes other than to confirm or correct location information.

18. The Defendant's conduct violated 15 U.S.C. § 1692b(3) in that Defendant contacted third parties in regards to the Plaintiff's debt on numerous occasions, without being asked to do so.

19. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

20. The Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

21. The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

22. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

23. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

24. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

25. The Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendant;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant;
4. Actual damages from the Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff; and
5. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 9, 2021

Respectfully submitted,

By */s/ Jody B. Burton*

Jody B. Burton, Esq.
CT Bar # 422773
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
E-mail: jburton@lemberglaw.com
Attorneys for Plaintiff